# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

PARNELL R. MAY                                                    PLAINTIFF

V.                          CASE NO.  4:19-cv-00024 JM

ARKANSAS STATE CRIME                                           DEFENDANTS
LABORATORY, *et al.*

## ORDER

Plaintiff Parnell R. May, in custody in the Pulaski County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He also filed a motion to proceed *in forma pauperis*, which was granted.  (Doc. Nos. 1, 3.)

## I.  Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A.  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.  A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations

must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright &

A. Miller, Federal Practice and Procedure § 1216, pp. 235- 236 (3d ed. 2004). A complaint

must contain enough facts to state a claim to relief that is plausible on its face, not merely

conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed

liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th

Cir. 2002) (citations omitted).

## II.     Discussion

May allegedly murdered Anna Marie Mireles; the first trial in *State v. May*, case no.

60CR-17-169,[1] ended in a mistrial in January 2018. State criminal proceedings against

May are ongoing; he has objected to retrial based on double jeopardy and the matter is

currently on appeal.

In this § 1983 action, May sued the Arkansas State Crime Laboratory ("ASCL") and

multiple ASCL employees. (Doc. No. 2). He alleges that Defendants failed to comply

with Ark. Code Ann. § 12-12-312, which requires a "full report of the facts developed by

the State Medical Examiner. . . ." (*Id*. at 4-5.) According to May, Mireles's autopsy report

omitted the most significant fact for his defense—the amount of N-Proponal in her heart

blood sample. (*Id*. at 5). May asserts that N-Proponal results would preclude a finding

that Mireles died of blunt-force trauma in lieu of a determination that her death was caused

---

[1] Information about this case is of public record and may be accessed at:
https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?back
to=P&case_id=60CR-17-169&begin_date=&end_date=

by alcohol poisoning; he believes that the inclusion of N-Proponal levels would establish his actual innocence. (*Id*. at 10, 12). He further believes that the autopsy report was improperly admitted at his January 2018 trial, as the report was purportedly defective. May alleges Defendants violated his due process rights by not including all facts in the autopsy report as required by Ark. Code Ann. § 12-12-312. He seeks damages. (*Id*. at 18.)

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

May is involved in ongoing state criminal proceedings, and Arkansas has an important interest in its criminal justice procedures. May can raise the autopsy report's alleged defects—and thus its admissibility—in his state-court criminal proceedings. As such, this Court should abstain from entertaining plaintiff's constitutional claims. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

Having determined that the Court should abstain from entertaining plaintiff's claims, it must decide whether to dismiss, or to stay, the case. Where only injunctive or equitable relief is sought, dismissal is appropriate. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). May, however, seeks damages. Accordingly, May's case is stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04.

## III. Conclusion

1.      The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of May's state criminal charges.

2.      May may file a motion to reopen this case after such final disposition.

3.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 15th day of January, 2019.

_____
UNITED STATES DISTRICT JUDGE